# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

PHILLIP YOUNG

VERSUS

C. BRITAIN SLEDGE, III,
ROLLING, PERRILLOUX &
SLEDGE, LLC AND XYZ
INSURANCE COMPANY

NO.  2020 CW 0332

**SEPTEMBER 18, 2020**

---

In Re:   C. Britain Sledge, III and Rolling, Perrilloux &
         Sledge, LLC, applying for supervisory writs, 18th
         Judicial District Court, Parish of Iberville, No.
         79055.

---

**BEFORE:   McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**WRIT DENIED.**

**PMc**
**JEW**

**Holdridge, J.,** dissents and would grant the writ and reverse the trial court's April 2, 2020 judgment denying the declinatory exception of improper venue filed by defendants, C. Britain Sledge, III and Rolling, Perrilloux & Sledge, LLC. The proper venue for a legal malpractice case would be the defendant's domicile under La. Code Civ. P. art. 42 (1) or where the wrongful conduct occurred or the damages were sustained under La. Code Civ. P. art. 74. In this case, the defendants and the plaintiff were both domiciled in Tangipahoa Parish. Therefore, the parish where the defendants were domiciled and where the damage to the plaintiff was sustained were both in Tangipahoa Parish. Lastly, the question is where did the wrongful conduct occur? The wrongful conduct occurred in the defendants' law office in Tangipahoa Parish where the original of plaintiff's petition was not timely mailed to the Clerk of Court of Iberville Parish. In this case, under both La. Code Civ. P. art. 42(1) and art. 74, the only proper venue for the plaintiff's suit is Tangipahoa Parish. Accordingly, I would grant the defendants' exception raising the objection of improper venue and remand this matter to the trial court with instructions to transfer this matter to Tangipahoa Parish.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
    FOR THE COURT